IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **EVELYN ADAMS** | § | |
| | § | |
| VS. | § | C. A. NO. 2:22-cv-00043 |
| | § | **JURY DEMANDED** |
| **MARMAXX OPERATING CORP.** | § | |
| **AND JOHN DOE** | § | |

### DEFENDANT MARMAXX OPERATING CORP.'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant, Marmaxx Operating Corp., (hereinafter referred to as "Marmaxx"), files its notice of removal of this civil action to the United States District Court for the Southern District of Texas, Corpus Christi Division. In support of this Notice of Removal, Defendant respectfully shows as follows:

1. On January 12, 2022, Plaintiff Evelyn Adams ("Plaintiff") filed her Original Petition in Cause No. 22-014-D; *Evelyn Adams v. Marmaxx Operating Corp. and John Doe*, in the 105th Judicial District Court of Kleberg County, Texas. Plaintiff's return of service indicates that citation was served on Marmaxx by service to CT Corporation System on February 2, 2022. *See* Exhibit A, an index of documents filed in the state court proceeding. Therefore, Defendant Marmaxx's notice of removal is timely under 28 U.S.C. § 1446(b).2. True and correct copies of all documents filed in the state court proceeding are attached hereto and incorporated herein by reference. *See id*. A list of all counsel of record is attached hereto and incorporated herein by reference in accordance with Local Rule 81. *See* Exhibit B.

2. Defendant Marmaxx would show that this case is removable under 28 U.S.C. § 1441, and the Court has jurisdiction over this matter, because this suit involves a controversy

between citizens of different states and the amount in controversy, exclusive of interests and costs, exceeds $75,000.00.  *See* 28 U.S.C. §§ 1332 and 1441.

3. There is complete diversity between the parties.  At the time of the filing of this action, and at the time of removal, Plaintiff was and is a citizen of the State of Texas.  Defendant Marmaxx Operating Corp., the entity that owns and operates the store where the incident occurred, was and is a corporation incorporated under the laws of the State of Delaware, with its principal place of business at 770 Cochituate Road, Framingham, MA 01701.

4. The matter or amount in controversy in this suit exceeds the sum of $75,000.00, exclusive of interest and costs.  In her Original Petition, "Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLAS ($1,000,000.00)**".  *See* Plaintiff's Original Petition ¶ 22, attached as part of Exhibit A.

5. In her live Petition, Plaintiff claims she suffered serious bodily injuries as a result of claims against Defendant for premises liability and negligent activity.  *See* Plaintiff's Original Petition ¶¶ 19-22, attached as part of Exhibit A.  Plaintiff further alleges damages including: medical expenses in the past and future; physical pain in the past and future; mental anguish in the past and future; physical impairment in the past and future; disfigurement in the past and future; loss of wages in the past and future; loss of earning capacity in the past and future; property damage; loss of use; pre-judgment and post-judgment interest; and exemplary damages. *See id*. ¶¶ 19-22 and Prayer.

6. Plaintiff cannot assert there is no diversity as a result her allegations against "John Doe."  Defendant John Doe has not been identified nor served, and cannot—as a matter of law--impede removal.  Even if the John Doe were identified and served, allegations against an employee in the course and scope of employment does not destroy diversity.  The Texas Supreme Court has

clearly held "an employee may not be held individually liable unless she breaches an independent duty of care she owed to the injured party separate from her employer's duty." *Tri v. J.T.T. & M.T.*, 162 S.W.3d 552, 562 (Tex. 2005) (citing *Leitch v. Hornsby*, 935 S.W.2d 114 (Tex.1996)). Moreover, Texas federal courts have similarly held that alleging that an employee is liable for some act plainly committed within the course and scope of that employee's employment is insufficient for purposes of diversity jurisdiction, an independent duty of care of the employee must be plead and established. *Palmer v. Wal-Mart Stores, Inc.,* 65 F. Supp. 2d 564, 567 (S.D. Tex 1999) (upholding diversity jurisdiction when the plaintiff made no allegations that the employee owed the plaintiff an independent duty or a duty of reasonable care apart from that which his employer owed); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 828, 838 (E.D. Texas 2008) (upholding diversity jurisdiction when the only allegations against the employee were for acts within the course and scope of employment); *Fugitt v. Walmart Stores, Inc*., 2015 WL 7352194 at *3-4 (N.D. Tex. 2015) (upholding diversity jurisdiction when a plaintiff's allegations relating to an employee are assertions made against all defendants); *Jimenez v. Wal-Mart Stores Texas, LLC*, 2013 WL 12129929 at *6-7 (W.D. Tex. 2013) (upholding diversity jurisdiction when every individual duty alleged against an employee was derived from the employee's employment); *Kopczynski v. Wal-Mart Stores, Texas, LP*, 2011 WL 902237 at *6-7 (S.D. Tex 2011) (upholding diversity jurisdiction when plaintiff's claims against employees derived from the ordinary job duties given by their employer).

7. This Notice of Removal will be provided to Plaintiff by service of a copy upon her counsel of record, in accordance with 28 U.S.C. §1446(d). Further, a copy of this Notice of Removal will be filed with the District Clerk of Kleberg County, in accordance with 28 U.S.C. §1446(d).

8. Therefore, Defendant Marmaxx Operating Corp. prays that this cause be removed from the 105th Judicial District Court of Kleberg, Texas, to this Court, and for all other relief to which Defendant may be entitled.

Respectfully submitted,

HARTLINE BARGER LLP

*/s/ Jane Haas*
Marshall G. Rosenberg
State Bar No. 12771450
Jane Haas
State Bar No. 24032655
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: 713-759-1990
Facsimile: 713-652-2419
mrosenberg@hartlinebarger.com
jhaas@hartlinebarger.com
**ATTORNEYS FOR DEFENDANT
MARMAXX OPERATING CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by the method indicated on March 3, 2022:

Sam Bavafa
The Law Offices of Thomas J. Henry PLLC
521 Starr Street
Corpus Christi, Texas 78401
Via email: sbavafa-svc@tjhlaw.com

*/s/ Jane Haas*
Jane Haas