# EXHIBIT A

Case 2:22-cv-00043   Document 1-1   Filed on 03/03/22 in TXSD   Page 2 of 16

E-Filed for Record
1/12/2022 2:28 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Alicia Garcia

CAUSE NO. 22-014-D

| | | |
|---|---|---|
| EVELYN ADAMS, *Plaintiff* | § § § | IN THE DISTRICT COURT |
| VS. | § § | ___TH JUDICIAL DISTRICT |
| MARMAXX OPERATING CORP. AND JOHN DOE, *Defendants* | § § § § | KLEBERG COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES **EVELYN ADAMS**, hereinafter referred to by name or as Plaintiff, and complains of **MARMAXX OPERATING CORP. AND JOHN DOE**, hereinafter referred to by name or as Defendant, and for cause of action would respectfully show unto the Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Plaintiff intends that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.
## PARTIES

2. Plaintiff **EVELYN ADAMS** (SSN xxx-xx-x161) is an individual residing in Kleberg County, Texas.

3. Defendant **JOHN DOE** is an individual residing in the State of Texas and is the General Manager of the Marshalls store in Kingsville, Texas.

4. Defendant **MARMAXX OPERATING CORP.** is a foreign For-Profit Corporation, and they may be served with process by serving their registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## III.
## JURISDICTION & VENUE

5. This Court has jurisdiction over the parties because the amount in controversy is within the jurisdictional limits of this Court. Additionally, this Court has jurisdiction over the parties because Defendants conduct business in the State of Texas.

6. Venue is proper in KLEBERG County in this cause pursuant to § 15.002(a)(1) of the CIVIL PRACTICE & REMEDIES CODE because the incident which forms the basis of this lawsuit occurred in KLEBERG County, Texas.

## IV.
## FACTS

7. On or about December 28, 2020, Plaintiff **EVELYN ADAMS** was a customer in the Marshalls store located at 2301 S BRAHMA BLVD, Kingsville, Texas 78363. Plaintiff was walking inside the Marshalls store close to the cosmetics displays and she suddenly, violently, and without warning slipped on spilled lotion on the ground. Immediately after the fall, defendant's employees conducted an investigation and found that the spilled lotion had originated from a cracked lotion container in a cart that the employees were transporting around the store as part of their employment duties.

## V.
## CAUSES OF ACTION AGAINST
## DEFENDANT MARMAXX OPERATING CORP.

*A. PREMISES LIABILITY*

8. On or about December 28, 2020, Defendant **MARMAXX OPERATING CORP.** was in possession of the premises located at 2301 S BRAHMA BLVD, Kingsville, Texas 78363, which forms the basis of this suit. The Plaintiff was a consumer, and therefore a business invitee to whom

Defendant **MARMAXX OPERATING CORP.** owed a duty to exercise reasonable care to protect plaintiff from dangerous conditions in the store known or discoverable to it. However, Defendant breached its duty of reasonable care to Plaintiff by both failing to warn the Plaintiff of the dangerous condition and failing to make the condition reasonably safe. Defendant's breach of said duties proximately caused the injuries set forth herein.

**B.**  *NEGLIGENCE*

9.  Plaintiff alleges that Defendant **MARMAXX OPERATING CORP.**, its agents, servants and employees negligently permitted such an event to occur. But for Defendant's failure to exercise due care and/or ordinary care to protect and safeguard Plaintiff, Plaintiff would not have been injured. In-addition, it is reasonably foreseeable to Defendant that the lack of care evidenced by the facts would likely result in an injury to someone as happened to the Plaintiff.

10.  The condition of the premises at 2301 S BRAHMA BLVD, Kingsville, Texas 78363 was a dangerous condition, which Defendant **MARMAXX OPERATING CORP.** knew or should have reasonably know posed a danger to their invitees. Defendants are jointly and severally responsible for each and every of the following acts of negligence:

   a.  Allowing a known dangerous and unsafe condition to exist which constituted a hazard in an area where customers were often present; and

   b.  Knowingly failing to cure the dangerous and unsafe condition; and

   c.  Failing to provide for the safety of patrons of **MARMAXX OPERATING CORP.'s** store.

11.  Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence which Defendant **MARMAXX OPERATING CORP.** in the exercise of

ordinary care, knew or should have known, and proximately caused the injuries and other losses as specifically set forth, herein, all of which Plaintiff suffered and will continue to suffer in the future if not for the remainder of her life.

## C.  *RESPONDEAT SUPERIOR*

**12.**   At all times material hereto, all the agents, servants, and employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

## CAUSES OF ACTION AGAINST
## DEFENDANT JOHN DOE, NAME UNKNOWN

### A.  *PREMISES LIABILITY*

**13.**   The occurrence made the basis of this lawsuit and the resulting injuries and the damages were proximately caused by the negligence of Defendant **JOHN DOE** and its agents, servants, and employees because the condition existing on Defendant **MARMAXX OPERATING CORP.**'s property was an unreasonable risk to Plaintiff and Defendant **JOHN DOE,** knew of or should have known of the condition and failed to warn Plaintiff of the defect or to make the condition reasonably safe. Defendant **JOHN DOE,** as the operator of the premises in question, had the duty to exercise reasonable care to protect plaintiff from dangerous conditions in the store known or discoverable to it.

### B.  *NEGLIGENCE*

**14.**   Defendant **JOHN DOE,** individually owed plaintiff a duty of reasonable care,

independent of Defendant **MARMAXX OPERATING CORP.**'s duty to provide a safe premises to business invitees.

15. Plaintiff alleges that Defendant **JOHN DOE** negligently permitted such an event to occur. But for Defendant's failure to exercise due care and/or ordinary care to protect and safeguard Plaintiff, Plaintiff would not have been injured. In addition, it is reasonably foreseeable to Defendant that the lack of care evidenced by the facts would likely result in an injury to someone as happened to the Plaintiff.

16. The condition of the premises at 2301 S BRAHMA BLVD, Kingsville, Texas 78363 was a dangerous condition, which Defendant **JOHN DOE**, knew or should have reasonably know posed a danger to their invitees. Defendants are jointly and severally responsible for each and every of the following acts of negligence:

   a. Allowing a known dangerous and unsafe condition to exist which constituted a hazard in an area where customers were often present; and

   b. Knowingly failing to cure the dangerous and unsafe condition; and

   c. Failing to provide for the safety of patrons of **JOHN DOE**'s store.

17. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence which Defendant **JOHN DOE**, in the exercise of ordinary care, knew or should have known, and proximately caused the injuries and other losses as specifically set forth, herein, all of which Plaintiff suffered and will continue to suffer in the future if not for the remainder of her life.

### C. *RESPONDEAT SUPERIOR*

**18.** At all times material hereto, all the agents, servants, and employees for Defendant, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendant is further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

## VI.
## DAMAGES

**19.** As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff **EVELYN ADAMS** suffered bodily injuries as reflected in the medical records from the health care providers that have treated the injuries since the fall. The injuries may be permanent in nature. The injuries have had an effect on the Plaintiff's health and well-being. As a further result of the nature and consequences of her injuries, the Plaintiff has suffered and may continue to suffer into the future, physical pain and mental anguish.

**20.** As a further result of all of the above, Plaintiff has incurred expenses for her medical care and attention in the past and may incur medical expenses in the future to treat her injuries.

**21.** By reason of all of the above, Plaintiff **EVELYN ADAMS** has suffered losses and damages in a sum within the jurisdictional limits of this Court for which she now sues.

**22.** Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of Plaintiff's peers. However, RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiff to affirmatively plead the amount of damages sought. Pursuant to RULE 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff seeks monetary relief **OVER ONE MILLION AND 00/100 DOLLARS ($1,000,000.00)** and a demand for judgment for all the other relief to which Plaintiff is justly entitled at the time of filing this suit, which, with the passage of time, may change.

## VII.
## INTEREST

**23.** Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## VIII.
## DEMAND FOR JURY TRIAL

**24.** Plaintiff **EVELYN ADAMS** demands a trial by jury. Plaintiff acknowledges payment this date of the required jury fee.

## IX.
## DUTY TO DISCLOSE

**25.** Pursuant to RULE 194 of the TEXAS RULES OF CIVIL PROCEDURE, Defendant is required to make the initial disclosures at or within 30 days after the filing of the first answer, the information and material described in each section of RULE 194.2.

## X.
## NOTICE OF SELF-AUTHENTICATION

**26.** Pursuant to RULE 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XI.
## DESIGNATED E-SERVICE EMAIL ADDRESS

The following is the undersigned attorney's designated E-Service email address for all e-served documents and notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: sbavafa-svc@thomasjhenrylaw.com. This is the undersigned's only E-Service email address, and service through any other email address will be considered invalid.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests that the Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff has judgment against the Defendants in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

1. Pain and suffering in the past;
2. Pain and suffering in the future;
3. Mental anguish in the past;
4. Mental anguish in the future;
5. Past medical expenses;
6. Future medical expenses;
7. Physical impairment in the past;
8. Physical impairment in the future;
9. Physical disfigurement in the past;
10. Physical disfigurement in the future;
11. Lost wages in the past;
12. Loss of future wage-earning capacity;
13. Property damage;
14. Loss of use;
15. Pre-judgment interest;
16. Post-judgment interest; and
17. Exemplary damages;

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF THOMAS J. HENRY
P.L.L.C.
521 Starr Street
Corpus Christi, Texas 78401
Phone: (361) 985-0600
Fax: (361) 985-0601

By: *[signature]*
Sam Bavafa

State Bar No. 24103835
*email: sbavafa-svc@tjhlaw.com*
Attorney for Plaintiff
\* service by email to this address only

Case 2:22-cv-00043   Document 1-1   Filed on 03/03/22 in TXSD   Page 11 of 16

E-Filed for Record
2/7/2022 4:07 PM
Kleberg County, TX
By: Amelia Carbajal
Clerk

CLERK OF THE COURT

JENNIFER L. WHITTINGTON
DISTRICT CLERK
P.O. Box 312
Kingsville, Texas 78364-0312

**DUPLICATE TO BE SERVED**

ATTORNEY FOR PLAINTIFF OR PLAINTIFFS

SAM BAVAFA
ATTORNEY AT LAW
521 STARR STREET
CORPUS CHRISTI, TX 78401

## THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

To: MARMAXX OPERATING CORP. REGISTERED AGENT: CT CORPORATION SYSTEM
1999 BRYAN ST STE 900
DALLAS, TX 75201 _____ Defendant, Greeting:

YOU ARE HEREBY COMMANDED to appear by filing a written answer to Plaintiff's
**PLAINTIFF'S ORIGINAL PETITION**

at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court, 105th District of Kleberg County, Texas, at the Court house of said County in Kingsville, Texas.

Said Plaintiff's Petition was filed in said Court on the __12TH__ day of __JANUARY, 2022__ in this case, numbered __22-014-D__ on the docket of said court and styled,

EVELYN ADAMS
VS
MARMAXX OPERATING CORP. AND JOHN DOE

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's
**PLAINTIFF'S ORIGINAL PETITION**

accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Kingsville, Texas this the __20TH__ day of JANUARY, 20__22__.

SERVICE RETURN ATTACHED

JENNIFER L. WHITTINGTON, DISTRICT CLERK
KLEBERG COUNTY, TEXAS

By _____
Sarah Lakers, Deputy

CITATION FOR PERSONAL SERVICE – 105TH DISTRICT COURT

## AFFIDAVIT OF SERVICE

**State of Texas**  **County of Kleberg**  **105th District Court**

Case Number: 22-014-D

Plaintiff:
Evelyn Adams

vs.

Defendant:
Marmaxx Operating Corp. and John Doe

For:
Thomas J. Henry
Law Offices of Thomas J. Henry
521 Starr Street
Corpus Christi, TX 78401

Received by Austin Process LLC on the 2nd day of February, 2022 at 2:12 pm to be served on Marmaxx Operating Corp. Registered Agent: CT Corporation System, 1999 Bryan St, Ste 900, Dallas, Dallas County, TX 75201.

I, Anthony Collins, being duly sworn, depose and say that on the 2nd day of February, 2022 at 2:30 pm, I:

Executed service by hand delivering a true copy of the Citation and Plaintiff's Original Petition to: Terri Thongsavat, an authorized acceptance agent employed by Registered Agent CT Corporation System, Inc., who is authorized to accept service of process for Marmaxx Operating Corp., at the address of: 1999 Bryan St, Ste 900, Dallas, Dallas County, TX 75201, and informed said person of the contents therein, in compliance with state statutes.

"I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server in good standing in the judicial circuit in which the process was served. I have personal knowledge of the facts set forth in this affidavit, and they are true and correct."

CHARLES P GOODSON
Notary ID #130419821
My Commission Expires
October 27, 2013

Subscribed and Sworn to before me on the 7th day of February, 2022 by the affiant who is personally known to me.

NOTARY PUBLIC

Anthony Collins
PSC-357 Expires 12/31/2023

Austin Process LLC
809 Nueces
Austin, TX 78701
(512) 480-8071

Our Job Serial Number: MST-2022001023
Ref: Evelyn Adams v. Marmaxx Operating Corp.

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V6.2c



E-Filed for Record
2/25/2022 1:54 PM
Jennifer Whittington, District Clerk
Kleberg County, TX
By: Amelia Carbajal

CAUSE NO. 22-014-D

| | | |
|---|---|---|
| EVELYN ADAMS | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | KLEBERG COUNTY, TEXAS |
| | § | |
| MARMAXX OPERATING CORP. | § | |
| AND JOHN DOE | § | 105TH JUDICIAL DISTRICT |

## ORIGINAL ANSWER OF DEFENDANT MARMAXX OPERATING CORP.

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, DEFENDANT MARMAXX OPERATING CORP., (hereinafter referred to as "MARMAXX" and/or "Defendant"), Defendant in the above-entitled and numbered cause, and files this Original Answer to Plaintiff's Original Petition and all subsequent supplemental and/or amended petitions and would respectfully show unto the Court and Jury as follows:

## I.
## GENERAL DENIAL

1.1    Proper service of process on Defendant was not obtained by Plaintiff.

1.2    Subject to such stipulations and/or admissions as may hereafter be made, Defendant asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that Plaintiff be required to prove the charges and allegations against Defendant as is required by the Constitution and laws of the State of Texas.

1.3    Defendant further reserves the right to amend this answer at a future date in accordance with the Texas Rules of Civil Procedure.

## II.
## AFFIRMATIVE DEFENSES

By way of further defense, if such be necessary, Defendant asserts the following:

2.1    Defendant invokes the comparative and proportionate responsibility provisions of the Texas Civil Practice & Remedies Code, § 33.001, *et. seq.*

2.2    Defendant would show that, at the time and on the occasion in question, Plaintiff

A

and/or others beyond this Defendant's control failed to use that degree of care and caution that would have been used by a person with ordinary prudence under the same or similar circumstances, and that such failure was alternatively a proximate cause or a producing cause or the sole proximate or the sole producing cause of the incident in question and any alleged injuries and damages stemming therefrom.

2.3     Defendant would show, in the unlikely event that any liability be found on the part of Defendant, such liability should be reduced by the percentage of the causation found to have resulted from the acts or omissions of any persons or third parties over whom Defendant has no control and for whom Defendant is not responsible, including, but not limited to, Plaintiff.

2.4     Defendant would show that Plaintiff's alleged injuries and damages were the result, in whole or in part, of a new and independent cause and/or intervening and superseding cause, which was not reasonably foreseeable by Defendant.

2.5     Plaintiff's recovery of medical expenses, if any, is limited and subject to the restrictions set forth by Section 41.0105 of the Texas Civil Practice and Remedies Code.

2.6     Plaintiff is not entitled to a recovery of damages for any medical condition and/or injury that resulted from a pre-existing and/or subsequent condition, or any other condition not proximately caused by the occurrence in question.

2.7     Plaintiff also is not entitled to a recovery of damages, if any, that she failed to mitigate.

2.8     Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

2.9     Defendant would show that, pursuant to Section 18.091 of the Texas Civil Practice

and Remedies Code, to the extent Plaintiff is seeking recovery for loss of earnings, lost wages, loss of earning capacity, and/or loss of contributions of a pecuniary value, Plaintiff must present evidence of the alleged loss in the form of a net loss after reduction for income tax payments or unpaid tax liability pursuant to any federal income tax law.

2.10 Defendant invokes all rights and limitations found in Chapter 41 of the Texas Civil Practice and Remedies Code, including the limitations on damage awards.

2.11 In the unlikely event that an adverse judgment would be rendered against it, Defendant would respectfully pray for all available credits and/or offsets as provided by the Texas Civil Practice and Remedies Code and under Texas law, including a reduction for amounts received from collateral sources or for any settlement Plaintiff may have entered with any other party.

## III.
## JURY DEMAND

3.1 Defendant respectfully demands a jury for the trial of this matter, and hereby tenders the jury fee.

## IV.
## DIRECTED COMMUNICATION

4.1 Forward all communications regarding this matter to Marshall G. Rosenberg at mrosenberg@hartlinebarger.com; Jane Haas at jhaas@hartlinebarger.com; Ilene Maley at imaley@hartlinebarger.com; Jenni Fann at jfann@hartlinebarger.com and Catrina Edling at cedling@hartlinebarger.com. Failure to include all requested individuals referenced above in all communications, notices, and filings, shall be deemed inadequate service.

WHEREFORE, PREMISES CONSIDERED, **DEFENDANT MARMAXX OPERATING CORP.** prays that Plaintiff take nothing by reason of this suit, that Defendant be

discharged, and that it go hence with its costs, and for all such other and further relief, both general and special, at law and in equity, to which Defendant may show itself to be justly entitled.

Respectfully submitted,

HARTLINE BARGER LLP

*/s/ Marshall G. Rosenberg*

Marshall G. Rosenberg
State Bar No. 12771450
mrosenberg@hartlinebarger.com
Jane Haas
State Bar No. 24032655
jhaas@hartlinebarger.com
1980 Post Oak Blvd., Suite 1800
Houston, Texas 77056
Telephone: 713-759-1990
Facsimile: 713-652-2419
**ATTORNEYS FOR DEFENDANT
MARMAXX OPERATING CORP.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument was served upon the parties listed below by the method(s) indicated on February 24, 2021

Sam Bavafa
The Law Offices of Thomas J. Henry P.L.L.C.
521 Starr Street
Corpus Christi, Texas 78401
Via E-Service: sbavafa-svc@tjhlaw.com

*Marshall G. Rosenberg*
Marshall G. Rosenberg

4